Hon. William C. Hennessy Commissioner New York State Department of Transportation
This is in response to your recent inquiry whether the typical projects that the State proposes to fund out of the proceeds of bonds sold under the Energy Conservation Through Improved Transportation Bond Act of 1979 (the Bond Act) are eligible for such funds.
The list of typical projects appended to your letter as descriptive of eligible projects under the safer local roads and streets program has been examined. They fall within three categories: street/highway engineering improvements, safety/traffic improvements and bridge and culvert improvements. It is expressly provided that the expected service life of all projects must equal or exceed ten years with normal maintenance.
The Bond Act authorized the sale of bonds, inter alia, for "* * * the reconstruction, improvement, reconditioning and preservation of highways and bridges off the state highway system * * *" (L of 1979, ch 369, § 1, subd b).
The Bond Act further amended the Transportation Law (Article 10-a). Section 230 of the Transportation Law states that:
 "The monies received by the state from the sale of bonds pursuant to * * * the energy conservation through improved transportation bond act of 1979 shall be expended pursuant to appropriation for any * * * local street or highway project approved hereunder."
Section 231 defines as follows:
 "4. `Local street or highway project.' A local street, highway and/or bridge that is not on the state highway system and not under the maintenance and/or operational jurisdiction of the state for which there is a project for resurfacing of existing pavements to correct structural deficiencies or substandard riding characteristics; the sealing of pavements; the treatment of highway pavements to improve skid resistance; the improvement of the highway to make it more energy efficient; modification of roadway geometrics for improvement of operational safety; the improvement of highway appurtenances including but not limited to shoulders, guiderail systems, slopes, traffic control devices, sidewalks, curbs, drainage systems; retaining and sustaining walls; removal of hazards and/or their replacement or correction by the use of recognized and approved safety or protective devices; bridge improvement including structural rehabilitation or replacement."
It is our opinion that the proposed projects easily fall within this definition.
A further question is whether the projects have a probable life of ten years.
Section 6 of the Bond Act amends paragraph (b) of subdivision 5 of section 6 of the State Finance Law to set for ten years the probable life of "improvement, including but not limited to the reconditioning and preservation, of * * * local streets and highways offthe State highway system, highways * * * (and) * * * other * * * State-aided and other federally-aided highway and highway-transportation projects and related facilities and structures * * *" (emphasis supplied).
Article VII, § 12 of the New York State Constitution provides that the determination of periods of probable usefulness by the Legislature "shall be conclusive".
The Legislature, by including in the Bond Act local street and highway projects and simultaneously amending the State Finance Law's definition of ten year probable life projects to include improvements to local streets and highways left no doubt as to its intention. Where the same word or group of words are used in different parts of a statute, there is a presumption that the Legislature intended to convey the same meaning each time. (McKinney's Statutes, § 236.)
It is our conclusion therefore that the proposed projects are bondable under the 1979 Bond Act and that they have a probable useful life of ten years.